UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT WHATLEY, | ) | Case No. 1:08 CV 1632 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving ECF # 15) |
| KEITH SMITH, WARDEN, | ) | |
| | ) | Magistrate Judge James S. Gallas |
| Respondent. | ) | |

Dwight Whatley moves for an evidentiary hearing pursuant to 28 U.S.C. §2254(e)(2), which reads:

> If the [habeas] applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the same claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

His motion relates to his first ground of "The trial court's failure to conduct a hearing on the petitioner's motion for *voir dire* of the state's eyewitnesses." Whatley states that the motion was held to be waived because the trial judge put the motion in abeyance and it was never revisited again. Consequently, Whatley argues that at his trial he never had a complete or full state court hearing on the motion to suppress eyewitness identification. He believes an evidentiary hearing is

2

needed to resolve whether the identification procedure used by the Cleveland Police detectives was impermissibly suggestive and whether it should have been suppressed.

As the warden correctly points out, however, the reliability of the identification testimony is not in issue. The state appellate court found waiver because counsel did not pursue this issue, but instead opted to cross-examine the witnesses. The warden states that the record demonstrates that defense counsel examined the chief witness Ms. Pitts about the identification process and photo array, and counsel emphasized that Ms. Pitts initially was unable make a selection from the photo array containing Whatley's photo. The warden is absolutely correct that Whatley's motion for an evidentiary hearing fails to show a factual predicate which could have previously been discovered through the exercise of due diligence. The warden then goes on to explain defense counsel's strategy, but that part of the argument is irrelevant.

Whatley claims that he is not guilty of the crimes for which he was convicted. "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404-05, 113 S.Ct. 853, 862-63, 122 L.Ed.2d 203 (1993). For example in *Holland v. Jackson*, 542 U.S. 649, 124 S.Ct. 2736, 159 l.Ed.2d 683 (2004), a key witness was not called to testify at trial and seven years later petitioner discovered that this witness would have given testimony which contradicted the State's eyewitness testimony. *Id.*, 524 U.S. at 650.

3

Whatley also cannot sustain the second part of the test of "but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense" because a reasonable fact-finder, the jury at his trial, heard the evidence, including defense counsel's cross-examination of Ms. Pitts, and found Whatley guilty.

Whatley supports his argument with perceived inconsistencies in witness testimony. He does this with reference to his trial transcript. These perceived inconsistencies were also presented to the jury with the factual basis developed for this claim of unreliable identification at Whatley's trial. Had this matter been raised, then the federal court could determine whether there had been a suggestive identification procedures based on the state trial record. However, this matter was not properly preserved for habeas corpus review and Whatley cannot circumvent this *via* request for an evidentiary hearing.

*Motion denied.*

    IT IS SO ORDERED.

                                                            s/James S. Gallas
                                                    United States Magistrate Judge

Dated: June 4, 2009